IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERRY TORRES,

      Petitioner,

vs.                                No. CV 18-0607 RB/KRS

STATE OF NEW MEXICO and
THE ATTORNEY GENERAL,

      Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Rule 4 of the Rules Governing Section 2254 Cases on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by Petitioner, Mr. Jerry Torres. (Doc. 1.) The Court will dismiss the Petition as barred by the statute of limitations and because Mr. Torres is not entitled to § 2254 relief on the merits of his claims.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 1996, Petitioner was charged with first degree depraved-mind murder, aggravated battery, aggravated assault, and shooting at a dwelling or occupied building in State of New Mexico, County of Chaves, Fifth Judicial District Court, cause No. D-504-CR-1996-00075.[1] Torres was convicted by a jury and sentenced to life imprisonment on October 10, 1996. Torres

---

[1] The Court has reviewed and takes judicial notice of the official record in State of New Mexico, County of Chaves, Fifth Judicial District, cause No. D-504-CR-1996-00075through the New Mexico Supreme Court's Secured Online Public Access (SOPA). *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (Court may take judicial notice of publicly filed records in other courts concerning matters that bear directly upon the disposition of the case); *Stack v. McCotter*, No. 02-4157, 2003 WL 22422416 (10th Cir. Oct. 24, 2003) (state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

appealed his conviction and sentence to the New Mexico Supreme Court, contending that his right to confrontation under the Sixth and Fourteenth Amendments to the United States Constitution were violated by the admission of a statement by a trial witness. In December 1998, the New Mexico Supreme Court affirmed his conviction, holding that his confrontation rights under the United States and New Mexico Constitutions were not violated by the admission of the statement. *State v. Torres*, 971 P.2d 1267, 1280 (N.M. 1998).

Almost 18 months later, on June 5, 2000, Torres filed a Motion for Postconviction Full Exculpatory Discovery and a Motion to Require Production of Criminal Records of Witnesses. Those Motions were denied by the State District Court on August 21, 2000.

In 2004, the U.S. Supreme Court decided *Crawford v. Washington*, 541 U.S. 36 (2004), setting out standards for the determination of confrontation clause issues. Based on *Crawford*, the New Mexico Supreme Court expressly overruled *Torres* "to the extent that *Torres* held that custodial confessions implicating the accused fall within a firmly rooted hearsay exception and do not violate the federal confrontation clause." *State v. Alvarez-Lopez*, 98 P.3d 699, 707 (N.M. 2004) (citing *Torres*, 971 P.2d at 1280).

Mr. Torres filed a petition for writ of habeas corpus in State court on September 6, 2013. Torres raised three issues in his State habeas corpus petition:

> 1. Whether the United States Supreme Court's decision in *Crawford v. Washington* and the New Mexico Supreme Court's decision in *State v. Alvarez-Lopez* expressly overruled one of the holdings in *State v. Torres* apply retroactively to Petitioner's conviction.
> 2. Whether, even if the decision apply retroactively Petitioner's right to confrontation was violated.
> 3. Whether even if Petitioner right to confrontation was violated, the error was harmless.

(Doc. 1 at 21.) In a lengthy decision containing findings of fact and conclusions of law, the State court denied the Petition for Writ of Habeas Corpus on April 25, 2017. (*Id.* at 19–39.) The New Mexico Supreme Court denied certiorari on September 5, 2017. (*Id.* at 17.)

Petitioner Torres filed his Petition in this Court on June 28, 2018. In his federal Petition, Torres again raises three issues:

> -WHETHER THE U.S. SUPREME COURT'S DECISION IN CRAWFORD V. WASHINGTON AND THE NEW MEXICO SUPREME COURT'S DECISION IN STATE V. ALVAREZ-LOPEZ EXPRESSLY OVERRULED IN STATE V. TORRES.
> -WHETHER EVEN IF THE DECISION APPLY RETROACTIVELY PETITIONER'S RIGHT TO CONFRONTATION WAS VIOLATED
> -WHETHER THE PETITIONER'S RIGHT TO CONFRONTATION WAS VIOLATED.

(*Id.* at 3.) Petitioner seeks a new trial in his criminal case based on *Crawford*, *Alvarez-Lopez*, and *New Mexico v. Forbes*, 119 P.3d 144 (N.M. 2005). (*Id.* at 15.)

## I. The Court will deny Petitioner's motion to appoint counsel.

Also pending before the Court is Petitioner's Amended Application/Motion for Appointment of Counsel. (Doc. 4.) There is no federal or constitutional right to appointment of counsel in post-conviction § 2254 habeas corpus proceedings. *Gutierrez-Ruiz v. Trani*, 378 F. App'x 797, 799 (10th Cir. 2010). Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

In determining whether to appoint counsel, the Court considers the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the petition and subsequent filings in light of the foregoing factors. Mr. Torres appears to understand the issues in the case and to be representing

himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the amended motion to appoint counsel. (Doc. 4.)

**II.     The Court will deny Petitioner's claims as barred by the statute of limitations.**

Petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. *See* 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. 28 U.S.C. § 2254(d)(1)(A).

This one-year statute of limitations is tolled when a state habeas corpus petition is filed. However, tolling occurs only when "a properly filed application for [s]tate post-conviction" relief

is "pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Holland v. Florida*, 560 U.S. 631, 635, 638 (2010). A § 2254 petition filed after the one-year period has expired is time-barred. 28 U.S.C. § 2244(d).

The one-year statute of limitations may be subject to equitable tolling. Equitable tolling is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr*, 141 F.3d 976, 977–78 (10th Cir. 1998); *Sanders v. Mahaffey*, No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States*, No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

Petitioner's New Mexico conviction and sentence became final no later than March 1999, 90 days after the New Mexico Supreme Court issued its opinion on direct appeal. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The one-year AEDPA limitation period expired by the end of March 2000. *See* 28 U.S.C. § 2244(d)(1)(A); *Locke*, 237 F.3d at 1273. Torres raised his confrontation clause issue, and the New Mexico Supreme Court ruled on that issue in 1998. Torres did not file anything in either state or federal court until his motions for postconviction discovery and production of witness criminal records in June 2000, after the one-year federal limitation period expired. His post-conviction motions did not serve to toll the running of the statute of limitations. *See Carey*, 536 U.S. at 219–20.

Petitioner seeks relief based on the U.S. Supreme Court's 2004 decision in *Crawford* and the New Mexico Supreme Court's 2004 decision in *Alvarez-Lopez*. Torres may contend that the one-year statute of limitations runs from the decisions in Crawford and *Alvarez-Lopez*. The one-year statute of limitations for § 2254 claims may be deemed to commence running from "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). However, even assuming that *Crawford* and *Alvarez-Lopez* were made retroactively applicable to cases on collateral review, Torres did not even file his State habeas corpus petition until September 2013, nine years after the decisions in *Crawford* and *Alvarez-Lopez*. Any § 2254 claim challenging Torres' conviction or sentence is time-barred under either 28 U.S.C. § 2244(d)(1)(A) or § 2244(d)(1)(C).

### III. The Court will deny Petitioner's claims on the merits.

Even if his claims were not time-barred, Petitioner Torres is not eligible for relief under § 2254 on the merits of his claims. A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defer to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions at the time of the relevant state-court decision. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Id.* at 405–06. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407–08. A District Court

7

undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly--the application must also be unreasonable. *Id.* at 411; *Harrington*, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington.* 562 U.S. at 102.

The issues raised by Petitioner in this proceeding are identical to the issues he raised in his State habeas corpus petition. (Doc. 1 at 3, 21.) The State District Judge ruled on the petition in a comprehensive 21-page decision that includes findings of fact, an analysis of the state and federal precedent applied to the facts, and conclusions of law. (*Id.* at 19–21.) This Court concludes that the State District Judge's decision was a reasonable application of clearly established Federal law and was based on a reasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 28 U.S.C. § 2254(d)(1)–(2).

In his State petition, Mr. Torres claimed that *Crawford*, *Forbes*, and *Alvarez-Lopez* were retroactively applicable for purposes of collateral review and that his Sixth and Fourteenth Amendment confrontation rights had been violated by the State court's admission at trial of a statement to police by a witness who was present in the courtroom but testified to a lack of memory of the details of what he had told the police. (Doc. 1 at 20–21.) The State court concluded that "*Crawford*, *Forbes*, and *Alvarez-Lopez* do not apply retroactively to this collateral attack on Defendant's conviction[,]" and that "Barnett's presence on the witness stand and his availability

8

for unrestricted cross-examination satisfies the Sixth and Fourteenth Amendments to the United States Constitution and his right to confrontation was not violated." (*Id.* at 39.)

On the issue of retroactive applicability of *Crawford*, *Forbes*, and *Alvarez-Lopez* for collateral review of Petitioner's conviction and sentence, the State court applied the U.S. Supreme Court's decisions in *Wharton v. Bocking*, 549 U.S. 406 (2007), *Danforth v. Minnesota*, 552 U.S. 264 (2008), and *Teague v. Lane*, 489 U.S. 288 (1989). (*See* Doc. 1 at 34–37.). Based primarily on *Wharton* and *Teague*, the court concluded that *Crawford* announced a new rule that would apply on direct review but is not retroactively applicable on collateral review. (*See id.* at 36–37.) This Court finds nothing in the State court's analysis that constitutes an unreasonable application of *Wharton*, *Danforth*, or *Teague*, nor does Petitioner contend that the State court's application contradicts the governing law set forth in those Supreme Court cases or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *See Williams*, 529 U.S. at 405–06.

With respect to the confrontation clause claim, the State court examined the New Mexico Supreme Court's decisions in *Torres* and *Alvarez-Lopez* and determined that the *Alvarez-Lopez* Court only overruled the *Torres* holding that "[r]eliability can be inferred without more in a case when the evidence falls firmly within a firmly rooted hearsay exception." (*See* Doc. 1 at 29.) The State District Judge concluded that the *Torres* Court's holding that "Barnett's presence on the witness stand and his availability for unrestricted cross-examination satisfied the Sixth and Fourteenth Amendments" was not disturbed by the *Alvarez-Lopez* Court. (*See id.* at 37.) Based on the ruling in *Crawford* that "[w]hen the declarant appears for cross examination at trial, the confrontation clause places no constraints at all on the use of his prior testimonial statements," the State court held that Petitioner's constitutional confrontation rights were not violated. (*See id.* at

9

37–38.) This Court concludes that the State court's decision was not an unreasonable application of Crawford and was not based on an unreasonable determination of the facts in light of the evidence presented in Petitioner's State criminal proceeding. *See Early*, 537 U.S. at 8. This Court defers to the reasons given by the State court and declines to issue a writ of habeas corpus, because fair-minded jurists could agree that the state court's decision fully accords with Supreme Court precedents. *Harrington*, 562 U.S. at 102; *Wilson*, 138 S. Ct. at 1192.

Under Rule 11 of the Rules Governing Section 2254 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court determines that Petitioner Torres has not made a substantial showing of denial of a constitutional right and will deny a certificate of appealability.

**IT IS ORDERED**:

(1) the Amended Application/Motion for Appointment of Counsel (Doc. 4) filed by Petitioner Jerry Torres is **DENIED**;

(2) the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Jerry Torres (Doc. 1) is **DISMISSED** with prejudice; and

(3) a Certificate of Appealability is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE